The Honorable Jacqueline J. Roberts State Representative P.O. Box 2075 Pine Bluff, Arkansas 71613-2075
Dear Representative Roberts:
This is in response to your request for an opinion on the following questions:
 1. When the Civil Service Commission in a first class City creates a new rank in a police department, does A.C.A. § 14-51-301(b)(4)(A)(ii) mean that only individuals in the next lower rank can take the examination (i.e., the position of major is created by the city council, can only captains take the test for promotion?) What rank can take the examination?
 2. Whether communications by and/or between citizens on cellular telephones are "privileged" or are subject to an expectation of privacy?
 3. If conversations between persons on a cellular telephone are inadvertently broadcast to others, are there any wiretap violations?
 4. If conversations between persons on a cellular telephone are inadvertently broadcast to third parties, can those third parties be subject to liability if they repeat the communications overheard on the cellular telephone?
 5. If a police officer's communications with a caller using a cellular telephone are inadvertently broadcast to third parties, and the police officer's communications contain racially prejudicial statements as well as statements demeaning to his superiors, can those statements be used by the officer's superiors to reprimand or penalize him?
In my opinion, the answer to your first question is that the language in A.C.A. § 14-51-301(b)(4)(A)(ii) does not mean that only those individuals in the next lower rank are the ones permitted to take the examination for promotion to a higher rank. Act 206 of 1993, which became effective August 13, 1993, amended the language of § 14-51-301(b)(4)(A)(ii) to read as follows:
 No person shall be eligible for examination for advancement from lower ranks to higher ranks until that person shall have served at least one (1) year in the lower rank, except in case of emergency, which emergency shall be decided by the board. The board shall determine the rank or ranks eligible to be examined for advancement to the higher rank.
The language of the amended statute clarifies the earlier statute and makes it clearer that taking the examination for promotion to a higher rank is not necessarily restricted to individuals in the next lower rank. The above provision appears to require only that an individual have spent a year in whatever lower rank he or she is in prior to taking the examination for promotion to a higher rank, except in the case of an emergency as determined by the board. The Board of Civil Service Commissioners will apparently, however, determine which ranks are eligible to be examined for advancement to the higher ranks. Accordingly, I am presently unable to state which ranks will be eligible to take the examination for any particular examination. See Op. Att'y. Gen. No. 93-186 (copy enclosed).
In my opinion, the answer to your second question is that communications by and/or between citizens on cellular telephones are not subject to an expectation of privacy, at least under Fourth Amendment analysis. The courts addressing the issue of expectation of privacy in a conversation on a telephone which transmits by radio waves have held there is no such expectation of privacy. In Illinois v. Wilson, 196 Ill. App. 3d 997,554 N.E. 2d 545 (1990), the Court held that communications transmitted by the particular mobile telephone in question were not subject to the expectation of privacy interests protected by the Fourth Amendment because it is common knowledge that conversations transmitted by radio waves may be easily intercepted and often times, the user's guide accompanying such telephones contain a warning to the user of the telephone that privacy is not ensured. In addition, an Eighth Circuit case has held that neither private citizens nor law enforcement officers who intercepted cordless telephone conversations could be sued under the federal wiretap laws or for a violation of the Fourth Amendment, as users of cordless telephones do not have a justifiable expectation of privacy for their conversations. SeeTyler v. Berodt, 877 F.2d 705 (8th Cir. 1989).
Fourth Amendment analysis, however, including the test for reasonable expectation of privacy, is applicable only when the government is conducting a search. In the case you describe in your letter, the government/police did not participate in a search. Cases discussing an expectation of privacy in the Fourth Amendment context may, however, be looked to by analogy in determining the issue you have presented.
In response to your third question, it is my opinion that when communications from a cellular telephone are inadvertently broadcast to third parties, there are no wiretap violations. Arkansas does not have a wiretapping statute. However, there is a federal wiretap law which is codified at 18 U.S.C. §§ 2510-2520
and which prohibits intentional interception of wire, oral, or electronic communications and prevents disclosure of the contents of the interception. Since the scenario you describe in your letter does not indicate an intentional act of interception, it does not appear that the federal wiretapping law would be applicable.
In response to your fourth question, I am unable to give an opinion as to any possible liability of a third party who inadvertently overhears communications made on a cellular telephone and repeats those communications to others. There would appear to be no violation of the federal wiretap law as discussed above, and the only other potential cause of action might be for the tort of invasion of privacy; however, invasion of privacy is an intentional tort and intent would be an essential element that would have to be shown in any cause of action for invasion of privacy. The development of such a cause of action would involve factual issues which are beyond the purview of an Attorney General's Opinion.
In response to your last question, I am unable to give a definitive answer. The Civil Service Statutes for police are codified at A.C.A. § 14-51-101—311. Those statutes do not list the specific grounds for which disciplinary steps can be taken against police officers; those grounds would be determined by the local civil service board. In the event that disciplinary steps were taken against an officer in the scenario that you describe in your letter, an officer might potentially have a claim under the First Amendment's Freedom of Speech clause. A similar claim is pending in Federal Court. See Tindle v. Caudell et al.,
LRC 93-540 (E.D. Ark. 1993).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh Enclosure